UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Louis Marks,<br><br>  Plaintiff,<br><br>v.<br><br>State of Nevada, *et al.,*<br><br>  Defendants. | Case No. 2:18-cv-01421-RFB-BNW<br><br>**ORDER re ECF No. 50** |

Presently before the Court is *pro se* plaintiff Louis Mark's second[1] motion for appointment of counsel (ECF No. 50), filed on November 18, 2021. Defendant Vincent Lorenz opposed at ECF No. 54. Plaintiff did not file a reply. The Court held a hearing via Zoom video conference on February 1, 2022, where Plaintiff and Defendant were both present.

Plaintiff moves under both 28 U.S.C. § 1915(e)(1) and 28 U.S.C. 2254(h) to argue that appointment of counsel is appropriate in this case. But the Court construes Plaintiff's request proper only under only 28 U.S.C. § 1915(e)(1), as this case does not relate to a federal *habeas corpus* proceeding but, rather, a § 1983 claim.

**I.   Background**

Mr. Marks, who is currently in custody at Southern Desert Correctional Center ("SDCC"), alleges an Eighth Amendment unsafe prison conditions claim. ECF No. 7 at 4–6. More specifically, he alleges that Defendant learned on at least two occasions, including from a unit officer, that a table at the SDCC facility was unbolted and broken. *Id*. at 4, 9–10. But despite knowing of this allegedly unsafe condition, Defendant failed to provide any warnings to others

---

[1] Plaintiff first moved for appointment of counsel at the same time that he initiated this case in July of 2018. *See* ECF No. 2. The Hon. Judge Boulware denied Mr. Marks' motion without prejudice, noting that the court did not "find exceptional circumstances that warrant the appointment of counsel." ECF No. 11 at 8.

regarding this alleged defect. *Id.* at 4. As a result, Plaintiff alleges that he unknowingly sat on the broken table and seriously injured his hip, pelvis, and back. *Id.*

Mr. Marks now requests a court-appointed attorney, arguing that he is unable to afford counsel, the "substantive issues and procedural matters in this case are too complex[,]" and he is unable to investigate and complete other discovery, including taking depositions, because he is incarcerated. ECF No. 50 at 1-2. He also notes that his "sentence structure is ____[,]" which the Court understands to mean that Plaintiff has a basic grasp of writing. *Id.* at 2.

Additionally, Plaintiff contends that appointing counsel would not only help him in presenting and litigating his case, but it also would help more efficiently facilitate proceedings. *Id.*

Finally, Plaintiff argues that the "ends of justice would best be served" if counsel is appointed. *Id.*

Defendant opposes Mr. Marks' request. He argues that Plaintiff does not have a constitutional right to counsel to litigate a § 1983 claim; Plaintiff has not shown an inability to articulate his claims without counsel, as previous filings are "cogent and well-articulated with respect to both the law and facts[;]" Plaintiff's case is not complex enough to require counsel; and Plaintiff has not demonstrated that he is likely to succeed on the merits. ECF No. 54 at 1–3. Defendant further notes that a court may not appoint counsel to aid a plaintiff with discovery. *Id.* at 2. Finally, he argues that Plaintiff's reasons for seeking appointment of counsel do not constitute "the type of special circumstances that warran[t] appointment of counsel." *Id.*

**II.     Discussion**

Civil litigants do not have a Sixth Amendment right to appointed counsel. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). In very limited circumstances, federal courts are empowered to request an attorney to represent an indigent civil litigant. For example, courts have discretion, under 28 U.S.C. § 1915(e)(1), to "request" that an attorney represent indigent civil litigants upon a showing of "exceptional circumstances." *Agyeman v. Corrections Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004).

To determine whether the "exceptional circumstances" necessary for appointment of counsel are present, the court evaluates (1) the likelihood of plaintiff's success on the merits and (2) the plaintiff's ability to articulate his claim *pro se* "in light of the complexity of the legal issues involved." *Agyeman*, 390 F.3d at 1103 (quoting *Wilborn*, 789 F.2d at 1331). A court may find that "exceptional circumstances" exist if a claim is either factually or legally complex. *See, e.g., McElyea v. Babbitt*, 833 F.2d 196, 200 n.3 (9th Cir. 1987) (per curiam) (suggesting that a plaintiff's claim concerning the provision of religious books in prison raises "complicated constitutional issues").

Neither of these factors is dispositive and both must be viewed together. *Wilborn*, 789 F.2d at 1331. It is within the court's discretion whether to request that an attorney represent an indigent civil litigant under 28 U.S.C. § 1915(e)(1). *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

**A. Whether Mr. Marks' claim has a likelihood of success on the merit**

Here, Mr. Marks' Eighth-Amendment claim has a likelihood of success on the merits. This is because he pled two claims in his complaint (i.e., deliberate indifference to unsafe prison conditions and deliberate indifference to serious medical needs) and one—deliberate indifference to unsafe prison conditions—survived the Court's screening process. ECF No. 11 at 5. The Hon. Judge Boulware subsequently affirmed the screening order in response to Defendant's motion to dismiss. *See* ECF No. 45 ("The Motion to Dismiss [at ECF No. 25] is DENIED in part and GRANTED in part. The Court denies the Motion to the exten[t] it seeks dismissal of the Eighth Amendment claim that the Court permitted to proceed pursuant to its Screening Order [at ECF No. 11]. This claim shall proceed for the same reasons identified in the Order [at ECF No. 11]. The Court grants the Motion as to the dismissal of the monetary damages claim against Defendant Lorenz in his official capacity. *Fowler v. Guerin*, 918 F.3d 644, 647 (9th Cir. 2019).").

"The Ninth Circuit has indicated that the articulation of a cognizable claim for relief may itself be sufficient to satisfy the 'merit' analysis on a motion for appointment of counsel." *Turner v. Riaz*, No. 216CV0969MCEACP, 2018 WL 5962726, at *4 (E.D. Cal. Nov. 14, 2018). This factor, therefore, weighs in favor of appointing counsel.

1  Of note, Defendant argued at the motion hearing that Plaintiff's claim or theory of the case has changed, and this change cuts against his likelihood of success on the merits. While the Court finds that it is the screening order that controls for purposes of determining whether Plaintiff has a likelihood of success on the merits, it will, nonetheless, address Defendant's argument.

According to Defendant, Plaintiff's complaint alleges that Plaintiff sustained serious injuries because the table had no bolts whereas in his motion to appoint an expert witness (at ECF No. 41), Plaintiff suggests that he was injured because the table had the wrong bolts.

At the hearing, Plaintiff, who has been proceeding *pro se*, represented that others helped compose his previous motions and other filings. This was clear to the Court in light of the different handwriting styles. *See, e.g.,* ECF Nos. 10, 32, 41. Additionally, Plaintiff explained that the reason he stated the wrong bolts had been placed on the table is because others had made that representation to him. As such, Plaintiff's uncounseled statements in the motion to appoint an expert witness (1) do not suggest a change of theory of prosecution and (2) have no bearing on the merits for purposes of this motion to appoint counsel.

**B. Whether Mr. Marks has an ability to articulate his claim *pro se* "in light of the complexity of the legal issues involved"**

The parties dispute whether Mr. Marks can articulate his claims *pro se* "in light of the complexity of the legal issues involved." *See* ECF No. 50 at 1, ECF No. 54 at 2–3.

For the reasons discussed below, the Court will exercise its discretion to appoint counsel for Mr. Marks.

First, as revealed at the hearing, Plaintiff has a ninth-grade education and is unable to understand the language used by the Court. In the hearing, it was further revealed that he had others help him draft motions and other court filings, but these individuals are no longer available to him. As a result, he no longer has anyone who can help him with litigating this case, and he lacks the ability to do so on his own.

Mr. Marks' inability to litigate this case is apparent for several reasons. For example, his response to the Defendant's motion to dismiss, which he identified as a response to a motion for summary judgment, included no legal support or citations apart from one conclusory sentence at the end noting that Defendant's actions violated NRS Chapter 209 and the Eighth Amendment against cruel and unusual punishment. *See* ECF No. 32 at 3–4. Additionally, many of the filings have different handwriting styles, which supports the fact that others have been drafting Plaintiff's filings on his behalf. *See, e.g.,* ECF Nos. 10, 32, 41. Furthermore, Plaintiff has, at times, used template forms, reinforcing the notion that he is unable to litigate this case independent of external support. *See, e.g.,* ECF Nos. 2, 13. Moreover, at the hearing he explained that he no longer had anyone assisting him.

Second, Plaintiff needs to interview several witnesses who were present at the scene of the alleged fall. These witnesses, as Plaintiff represented at the hearing, may or may not be incarcerated. The Court recognizes the difficulties that a *pro se*, incarcerated litigant faces in locating and deposing witnesses, particularly those who are also incarcerated but at different facilities. While this factor would not, by itself, justify the appointment of counsel, it is an additional factor this Court considers.

Third, the Court recognizes that appointing counsel in this case would allow proceedings to "undoubtedly proceed more efficiently and effectively." *Johnson v. California*, 207 F.3d 650, 656 (9th Cir. 2000) (per curiam).

Finally, while the Court acknowledges that the Hon. Judge Boulware previously denied (without prejudice) Plaintiff's first motion for appointment of counsel, which was filed at the same time as the complaint in 2018, it also recognizes that it now has information that was not previously before the Court.

Accordingly, these circumstances warrant the appointment of *pro bono* counsel in this case.

### III.  Conclusion and Order

Because the Court will exercise its discretion to appoint counsel and grant Mr. Marks' motion for appointment of counsel, it will refer the case to the Court's Pro Bono Program to

attempt to find an attorney to accept Plaintiff's case. Mr. Marks should be aware that the Court has no authority to require attorneys to represent indigent litigants in civil cases under 28 U.S.C. § 1915(d). *Mallard v. U.S. Dist. Court for Southern Dist. of Iowa*, 490 U.S. 296, 298 (1989). Rather, when a court "appoints" an attorney, it can only do so if the attorney voluntarily accepts the assignment. *Id*. Additionally, **Mr. Marks is reminded that until counsel is appointed, he is still responsible for complying with all deadlines in his case**. If counsel is found, an order appointing counsel will be issued by the Court, and Mr. Marks will be contacted by counsel.

**IT IS THEREFORE ORDERED** that Plaintiff Louis Marks' motion for appointment of counsel (ECF No. 50) is GRANTED.

**IT IS FURTHER ORDERED** that this case is referred to the Pro Bono Program adopted in Second Amended General Order 2019-07 for the purpose of screening for financial eligibility (if necessary) and identifying counsel willing to be appointed as *pro bono* counsel for Plaintiff. The scope of appointment shall include the discovery phase through the termination of the case— whether at the dispositive motion phase or trial. Plaintiff is reminded that he must comply with all deadlines currently set in his case and there is no guarantee that counsel will be appointed. If counsel is found, an order appointing counsel will be issued by the Court, and Plaintiff will be contacted by counsel. In addition, the Court will schedule a status hearing to further delineate the scope of representation.

**IT IS FURTHER ORDERED** that the Clerk of Court must forward this order to the Pro Bono Liaison.

DATED: February 1, 2022.

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE