AARON D. FORD
  Attorney General
KYLE L. HILL (Bar No. 16094)
  Deputy Attorney General
State of Nevada
Office of the Attorney General
1 State of Nevada Way, Ste. 100
Las Vegas, Nevada 89119
(702) 486-0429 (phone)
(702) 486-3768 (fax)
Email:  khill@ag.nv.gov

*Attorneys for Defendant Vincent Lorenz,*
*Jerry Howell, Gabriela Najera,*
*Rene Pena, and Richard Wulff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| LOUIS MARKS,<br><br>       Plaintiff,<br><br>v.<br><br>STATE OF NEVADA, *et al.*,<br><br>       Defendants. | Case No. 2:18-cv-01421-RFB-BNW<br><br>**STIPULATION AND PROPOSED ORDER TO EXTEND DEADLINES PERTAINING TO THE AGREEMENT REACHED BETWEEN THE PARTIES REGARDING PROVIDING PLAINTIFF WITH AN EXAMINATION WITH AN ORTHROPEDIC SURGEON (FIRST REQUEST)** |

      Defendants Vincent Lorenz, Jerry Howell, Gabriela Najera, Rene Pena, and Richard Wulff (collectively, "NDOC")*,* by and through counsel, Aaron D. Ford, Attorney General for the State of Nevada, and Kyle L. Hill, Deputy Attorney General, and Plaintiff Louis Marks, by and through counsel, Todd L. Bice, Emily A. Buchwald, and Daniel R. Brady, of Pisanelli Bice PLLC, (collectively, "The Parties") hereby stipulate and agree to the following:

      1.    Plaintiff Louis Marks filed his Motion for Preliminary Injunction ("Motion") (ECF No. 92) on July 26, 2024.

      2.    Following full briefing and supplementary briefing pertaining to the Motion, this Court scheduled an evidentiary hearing for October 1, 2024 at 10:00 a.m.

///

Page **1** of **5**

3. After the hearing commenced, but prior to any testimony or full opening statements of the parties being completed, the Parties, at this Court's suggestion, adjourned the hearing and used the time to discuss potential resolution of the Motion, and if possible, the entirety of the case.

4. After discussing potential resolutions, the Parties reached a mutual agreement as it relates to resolving the Motion, and agreed to participate in a settlement conference to be scheduled at a later date in an attempt to resolve the entirety of the case.

5. The agreement was placed on the record; however, the Parties are still awaiting the entry of the minute order regarding the agreement and terms set forth herein.

6. In summary, the Parties agreed to the following:

    a. NDOC would schedule Marks for an evaluation and consultation with an NDOC approved outside specialist within 30 days of the hearing;

    b. NDOC, through its counsel, agreed to inform Marks' counsel of the potential outside providers NDOC may use for the evaluation and consultation, while allowing Marks' counsel the ability to "veto" any one of the providers, and with no guarantees being provided by NDOC, to recommend to NDOC which provider(s) counsel would prefer Marks to see if possible;

    c. The Parties agreed to schedule the appointment as soon as possible, with the hope being that the evaluation and consultation could occur within thirty (30) days; however, while this was the hope, the Parties noted on the record that while the appointment would be scheduled as soon as possible, there was a reasonable possibility that the evaluation and consultation would not be able to take place within thirty (30) days;

7. NDOC also agreed to provide any Treatment Plan issued by the provider to Marks' counsel within 10 days of its receipt, and that the Parties would meet and confer regarding the Treatment Plan within 15 days of Marks' counsels' receipt of the Treatment Plan.

///

   a. Should any disagreement remain between the Parties following receipt of the Treatment Plan and the meet and confer to discuss the Treatment Plan, within 15 days after the meet and confer, either party would be able to file an appropriate motion with this Court to seek appropriate relief or guidance, including the potential of continuing with the adjourned evidentiary hearing;

   b. The Parties also agreed to have a status conference within 30 days—or at this Court's convenience—after the deadline to file a motion after the meet and confer regarding the Treatment Plan.

8. Consistent with this Agreement, NDOC has scheduled Marks to see an appropriate provider as contemplated in ¶ 6(c), however, as anticipated at the time of the agreement, the evaluation/consultation, while scheduled, will not be able to take place by October 31, 2024, as hoped.

9. NDOC, through its counsel, has informed Marks' counsel of the date range in which the appointment has been scheduled, and also confirmed to Marks' counsel that the appointment has been scheduled with an appropriate specialist as contemplated by their agreement. Due to safety and security concerns, Marks' counsel has agreed to not share the date range with Marks or anyone, however, to the extent this Court wishes to know the date range (or date) of the appointment, the Parties have agreed that NDOC's counsel may share that information with this Court *in camera* upon request of the Court.

10. For purposes of this Stipulation, and without sharing the date range or date of the scheduled appointment, the Parties hereby agree and stipulate to extend the **October 31, 2024 deadline** for the appointment to take place for up to ninety (90) days, which will require the appointment to take place on or before **January 29, 2024**.

11. The Parties confirm that the date range provided to Marks' counsel is within this extended deadline of January 29, 2024.

12. As a result of this new deadline, the Parties acknowledge that the date(s) in which the Treatment Plan will be provided and in which they will meet and confer to discuss the Treatment Plan, as well as date in which any motions seeking this Court's intervention

if necessary will be filed. However, as those dates will all run from the date in which the appointment occurs and the Treatment Plan is provided to NDOC and Marks' counsel, those dates will be provided to this Court by way of further stipulation once the Treatment Plan is received.

13. The Parties leave to this Court's discretion as to when to schedule the first Status Conference, and also continue to await this Court's minute order as it relates to any other timelines, including but not limited to the requested Settlement Conference.

This stipulation is entered into in good faith and is not made for purposes of undue delay.

Respectfully submitted this 23rd day of October, 2024.

| PISANELLI BICE PLLC | AARON D. FORD |
|---|---|
| | Attorney General |
| By: /s/ *Daniel R. Brady*<br>Todd L. Bice, Esq., Bar No. 4534<br>Emily A. Buchwald, Esq., Bar No. 13442<br>Daniel R. Brady, Esq., Bar No. 15508<br>400 South 7th Street, Suite 300<br>Las Vegas, Nevada 89101<br><br>*Attorneys for Plaintiff Louis Marks* | By: /s/ *Kyle L. Hill*<br>KYLE L. HILL (Bar No. 16094)<br>Deputy Attorney General<br><br>*Attorneys for Defendants* |

**IT IS SO ORDERED.**

_____
**U.S. DISTRICT JUDGE**

**DATED**: October 24, 2024

# CERTIFICATE OF SERVICE

I certify that I am an employee of the State of Nevada, Office of the Attorney General, and that on this 23rd day of October, 2024, I electronically filed the foregoing, **STIPULATION AND PROPOSED ORDER TO EXTEND DEADLINES PERTAINING TO THE AGREEMENT REACHED BETWEEN THE PARTIES REGARDING PROVIDING PLAINTIFF WITH AN EXAMINATION WITH AN ORTHROPEDIC SURGEON (FIRST REQUEST)**, via this Court's electronic filing system. Parties that are registered with this Court's electronic filing system will be served electronically. For those parties not registered, service was made by emailing a copy to the following:

Todd L. Bice, Esq.,
TLB@pisanellibice.com
Emily A. Buchwald, Esq.,
EAB@pisanellibice.com
Daniel R. Brady, Esq.,
DRB@pisanellibice.com
PISANELLI BICE PLLC
400 South 7th Street, Suite 300
Las Vegas, NV 89101

/s/ *Connie L. Fondi*
An employee of the Office of the
Nevada Attorney General